**FILED**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### PECOS DIVISION

JAN 1 1 2017

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | | |
|---|---|---|
| JESUS EFRAIN DENNIS-GASTELUM, | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | NO. PE:16-CV-19-RAJ-DF |
| JEFF WALTON-WARDEN, | § | |
| *Respondent.*[1] | § | |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

Before the Court is Respondents Jeff Walton and Charles Samuels' Motion to Dismiss pursuant to Rule 12 of the Federal Rules for Civil Procedure, or in the alternative, Motion for Summary Judgment pursuant to Rule 56 ("Motion to Dismiss"). (Doc. 6). Pursuant to 28 U.S.C. § 636(b)(1) and Appendix C of the Local Rules for the Assignment of Duties to the United States Magistrate Judges, this case is before the United States Magistrate Judge by referral from the United States District Judge for a Report and Recommendation, including proposed findings of fact and recommendations for disposition. (Doc. 3). As he is challenging the execution of his sentences and duration of his imprisonment, the Court has jurisdiction over his claims pursuant to § 2241 because he is in incarcerated in the Western District of Texas. *See Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999). The United States Magistrate Judge **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED** (Doc. 6) and, accordingly, that the Petition for Writ of Habeas Corpus be **DISMISSED WITH PREJUDICE**. (Doc. 1).

---

[1] Petitioner identified Jeff Walton and Charles Samuels as the Respondents in his petition. (Doc. 1). The Order for Service and Advisory, however, identified Respondent as the United States and ordered that this Respondent be served and further that this Respondent file a response within 60 days. (Doc. 4). Charles Samuels is the Director for the Bureau of Prisons and not the Petitioner's custodian. As such, he is not a proper party. *See Rumsfeld v. Padilla*, 542 U.S. 425, 434-35 (2004) (there is generally only one proper respondent to a habeas petition; this custodian is "the person" with the ability to produce prisoner's body before habeas court). Thus, the Court designates Jeff Walton, warden of RCDC, as the proper Respondent.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The *pro se* Petitioner, federal inmate Jesus Efrain Dennis-Gastelum ("Petitioner"), is currently serving two concurrent federal sentences for conspiracy to possess with intent to distribute approximately 973 kilograms of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B) and possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 41(a)(1) & 841(b)(1)(B). Petitioner was arrested by federal authorities on July 19, 2012, and a criminal complaint charging him with possession with intent to distribute marijuana was filed in the District of Arizona the following day. Doc. 6-3, Criminal Complaint, *United States v. Dennis-Gastelum*, 4:12-CV-1758 (D. Ariz. July 20, 2012). The court subsequently ordered Petitioner to remain detained pending trial. (Doc. 6-4). On August 15, 2012, Petitioner was named in a one count indictment charging him with conspiracy to possess with intent to distribute approximately 973 kilograms of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), & 841(b)(1)(B). (Doc. 6-5). Petitioner entered a guilty plea on December 14, 2012. (Doc. 6-6 at 1). On February 25, 2013, the Honorable Timothy M. Burgess sentenced Petitioner to a 68-month term of imprisonment. (*Id.* at 1, 3). Petitioner is currently incarcerated at the Reeves County Detention Center III (RCDC) in Pecos, Texas, a non-federal correctional facility which houses federal inmates pursuant to a contract with the Federal Bureau of Prisons (BOP). (*See* Doc. 1 at 1).

On April 24, 2013, while Petitioner was serving his first sentence, a District of Arizona grand jury named Petitioner and several co-defendants in a 15 count indictment. Doc. 6-7, Redacted Indictment, *United States v. Dennis-Gastelum*, 4:13-CR-717 (April 24, 2013). Petitioner ultimately pled guilty to count four of the indictment on April 11, 2014, and the United States dismissed all remaining counts in which Petitioner was named. (Doc. 6-8 at 1). On March

24, 2015, the Honorable James A. Soto imposed a 67-month term of imprisonment to run concurrently with Petitioner's first sentence. (*Id.* at 1, 3).

Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on March 18, 2016. (Doc. 1). Petitioner contends that the BOP, through Respondent and his staff, has failed to execute his 2013 and 2015 federal sentences concurrently with each other, and as a consequence, his release date is incorrectly calculated. (Doc. 1 at 4, 9).

Respondent filed the instant Motion to Dismiss on August 8, 2016. (Doc. 6). Petitioner did not file a Response. Accordingly, this matter is ripe for review.

## II.    STANDARD OF REVIEW

"Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *Rush v. Barham*, No. 14-30872, 2015 WL 4467848, at *2 (5th Cir. July 22, 2015) (internal quotation marks and citations omitted). "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts." *Id.*

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P.56(a). There is no genuine issue for trial if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*,

3

37F.3d 1069, 1075 (5th Cir. 1994) (en banc). The court resolves factual controversies in favor of the nonmoving party; however, factual controversies require more than "conclusory allegations," "unsubstantiated assertions," or "a 'scintilla' of evidence." *Little*, 37 F.3d at 1075. A court should not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075, citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871,888 (1990).

### III.  DISCUSSION

The Court first notes that in a § 2241 proceeding, the warden of the institution is the correctly named respondent. *Chavez v. Junell*, No. MO-16-CV-66-DAE, 2016 WL 1737149, at *3 (W.D. Tex. May 2, 2016). Section 2241 is used to attack the manner in which a sentence is executed. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Section 2241 is the proper procedural vehicle if a prisoner "challenges the execution of his sentence rather than the validity of his conviction and sentence." *Gallegos-Hernandez v. United States,* 688 F.3d 190, 194 (5th Cir. 2012) (quoting *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)). A habeas corpus petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000).

First, Respondent argues that Petitioner has not exhausted his administrative remedies. (Doc. 6 at 5). Petitioner states that he exhausted his administrative remedies when he presented his issue to the RCDC records department. (Doc. 1 at 4). Pursuant to long-established Fifth Circuit law, "federal prisoners must exhaust 'administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241.'" *Mayberry v. Pettiford*, 74 F. App'x 299 at *1

4

(5th Cir. 2003) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). *See also Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990). An inmate's failure to properly and fully pursue administrative remedies consistent with the procedures provided by the prison system in which he is incarcerated constitutes procedural default, warranting dismissal of a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632-34 (2d Cir. 2001); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996); *Nigro v. Sullivan*, 40 F.3d 990, 993-97 (9th Cir. 1994); *Sanchez v. Joslin*, 3:06-CV-138-P, 2006 WL 2934278, at *2-3 (N.D. Tex. Oct. 12, 2006), *aff'd sub nom. Alaniz Sanchez v. Joslin*, 258 F. App'x. 713, (5th Cir. 2007).

Respondent demonstrates that Petitioner has not followed the proper administrative remedy procedures because Petitioner's sentence computation issue would have been recorded in BOP electronic inmate administrative records if his claims were fully exhausted. The records reflect that Petitioner did not file an administrative appeal with the Privatization Management Branch or the BOP's Office of General Counsel. (Doc. 6 at 6). Therefore, the Court finds that Petitioner has not fully exhausted his administrative remedies, as shown by the lack of documentation at two levels of the administrative remedy appeal process. See *Pierce v. Fleming*, 150 F. App'x 344, 345 (5th Cir. 2005) (unpublished). Thus, Respondent's Motion to Dismiss pursuant to Rule 12(b)(1) should be **GRANTED** because the Court has no jurisdiction to hear unexhausted § 2241 claims.

Next, Respondent argues that Petitioner's federal sentences are being correctly executed concurrently, which renders his claims to the contrary meritless. (Doc. 6 at 6). On February 25, 2013, Petitioner was sentenced to a 68-month term of imprisonment and was placed at RCDC on March 25, 2013. (*Id.* at 7). On March 24, 2015, while serving the first sentence, Petitioner was

5

sentenced to a 67-month term of imprisonment to run concurrently with Petitioner's first sentence. (*Id.* at 8). Petitioner's current projected release date is March 22, 2019. (*Id.*; Doc. 1 at 14).

Petitioner argues that his sentences are not being executed concurrently and desires the Court to order the BOP to recalculate the sentences. (Doc. 1 at 9). Respondent maintains that the sentence, and by extension projected release date, was calculated using the computation methods outlined in 18 U.S.C. § 3584(c) to aggregate his terms of imprisonment into a single term of seven years, seven months, and 29 days, commencing when his first sentence was imposed. (Doc. 6 at 9). The projected release date also takes into account the 221 days of presentence custody and all good conduct time for which Petitioner may be eligible. (*Id.*). Through these calculations,[2] Respondent shows that the sentences are not being run consecutively because an aggregate term of seven years, seven months, and 29 days is calculated pursuant to the relevant statutes and is shorter than a 135 month term of imprisonment. Petitioner received credit against his 68-month sentence for the time he was in custody prior to the imposition of the 67-month sentence. Petitioner is properly receiving concurrent credit from the date the second sentence was imposed.

Because Petitioner has not fully exhausted his administrative remedies and Petitioner has not shown that his sentence is being executed incorrectly, the Court **RECOMMENDS** that the Motion to Dismiss, and in the alternative, Motion for Summary Judgment be **GRANTED**. (Doc. 6).

---

[2] *See* Doc. 6 at 8-9.

## IV.   RECOMMENDATION

The Court **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED**. (Doc. 6). As such, it is recommended that Petitioner Jesus Dennis-Gastelum's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE**. (Doc. 1).

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

In the event that a party *has not been served* by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail return receipt requested. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

Signed this _11_ day of January, 2017.

DAVID FANNIN
U.S. MAGISTRATE JUDGE